IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN SYLVESTER BARNES         :

   v.                         :    Civil Action No. DKC 08-3486

BRIAN HOOK                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the Motion to Reopen File filed by counsel for Plaintiff. ECF No. 46. Counsel seeks to reopen this case for the purpose of ruling on the Petition to Approve Attorneys' Fees, Costs or Related Expenses.

Counsel was appointed to represent Plaintiff pro bono. Thereafter, counsel entered into a representation agreement with the Plaintiff that stipulated that Plaintiff would not be responsible for any costs or fees, but that counsel might be reimbursed through the statutory fee-shifting mechanism of 42 U.S.C. §1988, or otherwise able to recover reimbursable expenses. Then the case was settled for a fixed sum, to include attorneys' fees, and that each side would be responsible for their own costs.

In the petition, Counsel seek a fee of $22,999.99[1] and costs of $501.80, out of the settlement funds. Although Plaintiff signed a statement agreeing to the allocation, he then objected to the fee request. After Magistrate Judge Day scheduled a hearing to discuss the provisions of Local Rule 706 with counsel and the plaintiff, Plaintiff withdrew the objection.

Local Rule 706, provides:

> Rule 706. Fee Agreements
>
> In any civil case, other than cases governed by the Prison Litigation Reform Act, where counsel is appointed by the Court to represent a party, counsel may request that the party to be represented enter into a contingent fee agreement. The agreement shall not require the payment of attorneys' fees in an amount greater than 25% of any recovery if the case is settled, nor greater than 33 1/3% of any amount awarded after a trial. The agreement may not require the plaintiff to pay litigation expenses unless such payment is approved by the Court. In cases where there is a statutory provision for attorneys' fees, the contingent fee shall be reduced by any statutory fees.

Thus, the fee, even if agreed to by Plaintiff, cannot exceed 25% of the settlement amount, or $17,250.

---

[1] This figure is 1/3 of the $69,000 settlement and less than the lodestar reached by multiplying the hours devoted to the case by the hourly rate of each attorney who participated.

Furthermore, counsel may seek reimbursement of copying and delivery costs from the Attorney Admissions Fund, rather than from the settlement funds, by submitting a properly supported request promptly. A copy of the form is attached and it should be returned to U.S. Courthouse, ATTN: Pro Bono Coordinator, 6500 Cherrywood Lane, Second Floor, Greenbelt, Maryland 20770.

Accordingly, the motion to reopen will be GRANTED and a fee in the amount of $17,250 will be APPROVED. Costs may be sought by petition for Attorney Admission Fund approval.

<pre>
                            _____/s/_____
                            DEBORAH K. CHASANOW
                            United States District Judge
</pre>