IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN SYLVESTER BARNES     :

    v.     :     Civil Action No. DKC 08-3486

DETECTIVE BRIAN HOOK     :

**MEMORANDUM OPINION AND ORDER**

On August 4, 2009, following the denial of Defendant's motion for summary judgment, Erin Miller was appointed as *pro bono* counsel for Plaintiff. Thereafter, upon Plaintiff's request, the case was referred to a magistrate judge for settlement, and a settlement conference was held on March 12, 2010. On the same date, the court was advised that the parties had settled, and a settlement order was issued pursuant to Local Rule 111, dismissing the action "without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated." (ECF No. 36). The order further provided, "If no party moves to reopen, the dismissal shall be with prejudice." (*Id.*).[1]

On October 30, 2013, Plaintiff submitted what appeared to be an unsigned pleading, purporting to add Ms. Miller as a

---

[1] The case was briefly reopened on December 10, 2010, for the purpose of considering Ms. Miller's fee petition, which was contemplated by the parties' settlement agreement.

defendant and challenging the validity of the settlement agreement based on "inef[f]ective counsel [in] violation of [his] 6th Am[]endm[e]nt rights[.]" (ECF No. 61). By an order issued November 1, the court directed Plaintiff to clarify whether he intended "to request to reopen the case, which was settled, in order to attempt to seek further damages," or was "seeking to make a claim against the attorneys, which would require filing a new action." (ECF No. 62). Plaintiff's response, received by the clerk on November 22, reflects that he intends to do both. (ECF No. 63). Specifically, he appears to seek to invalidate the settlement agreement, based on what he views as deficiencies in Ms. Miller's representation, so that he may continue to pursue his claim for monetary damages against the original defendant, as well against Ms. Miller and associates.

Insofar as Plaintiff seeks to reopen this case, his motion is untimely. The Rule 111 order provided a limited right to move to reopen within thirty days in the event that settlement was not consummated. Thereafter, the dismissal automatically became "with prejudice." (ECF No. 36). There is no question that Plaintiff's settlement was consummated and no motion to reopen was filed within thirty days. Thus, the dismissal was final and Plaintiff's only recourse could be through a motion pursuant to Federal Rule of Civil Procedure 60(b). That rule

provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for any of six enumerated reasons. Fed.R.Civ.P. 60(b). Such a motion, however, "must be made within a reasonable time," Fed.R.Civ.P. 60(c), and Plaintiff did not file his initial motion in this case until over three and one-half years after the Rule 111 order was entered. The record reflects that he was aware of the basis of his motion shortly after the date of settlement and he offers no explanation for the extended delay in filing. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("Motions under Rule 60(b) must be brought within a reasonable time and the movant must make a showing of timeliness") (internal marks and citation omitted). Under these circumstances, it cannot be said that Plaintiff's motion was filed within a reasonable time. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion brought two years after the underlying judgment was untimely where basis of motion was known previously).

Insofar as Plaintiff seeks to bring a malpractice action against his counsel, he may only do so by filing a new complaint. *See Hopper v. Clemens*, 172 F.3d 863, 1999 WL 18396, at *1 (4th Cir. 1999) ("Relief in a civil case on the basis of ineffective assistance of counsel is a contractual matter

3

between attorney and client and not within the jurisdiction of this Court in the present case"); *Howlette v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, Civ. No. CCB-09-600, 2011 WL 310264, at *1 (D.Md. Jan. 28, 2011) ("In Maryland, legal malpractice may sound in either tort or contract" and "[t]he essence of the action is the negligent breach of the contractual duty") (internal marks and citations omitted).

Accordingly, it is this 9th day of December, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's correspondence received November 22, 2013 (ECF No. 63), construed as a motion to reopen, BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff, along with a form complaint for filing a new action, and to Plaintiff's *pro bono* counsel.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```